The note was indorsed before it became due; the makers of the note resided in Montgomery County, and the County Courts of that county were held on the first Mondays in January, April, July and October in each year. The note became payable on 25 December, and suit was brought by the indorsee against the makers, to the first April Court after it became due, and judgment was obtained in the ordinary course. An execution was taken out against the makers, from the term at *Page 299 
which judgment was obtained, viz., July, and continued until January following, directed to the sheriff of Montgomery, and in every instance was returned nulla bona. An execution then issued to Rowan, and was returned in like manner.
In March following the plaintiff gave notice to the defendant (the indorser) that he looked to him for payment, at which time the indorser promised to settle the matter and make payment, as he said he had before promised to do.
The declaration contained two counts, one upon the indorsement and the other upon the defendant's promise. The court directed the plaintiff to be nonsuited; but upon a motion for a new trial, doubting the propriety of the nonsuit, directed the case to be transmitted to the Supreme Court. It appeared in evidence that at the time of the promise defendant said he had made a foolish bargain, but he was bound and would pay it, but in future he would use more caution.
At the time of the trial the court did not understand (430) the witness to say that the defendant at the time of the promise admitted that he had before that time promised the plaintiff to settle and make payment, or after that time; but the court certified that on the argument of the rule that such was the evidence.
I cannot think that there is much difficulty in this case, either as to the law or justice of it. It is very frequently the case, at least in the interior of the State, when a bond or note is indorsed, that the understanding of the parties is that if payment is not made by the maker the indorsee shall coerce payment by suit; that if there be a failure of the suit without fraud, the indorser will pay it. In this case the plaintiff seems to have used all diligence to collect the money, until he altogether quit the pursuit, though it does not appear that he was directed by the defendant to do so. How long it was from the time the last execution was returned until notice was given does not appear, because the defendant admits that he had promised payment before March, when application was made to him a second time. It cannot be said that the plaintiff has been guilty either of fraud or neglect, unless bringing the suit be neglect in law. We must take it for granted, also, that there is a bona fide debt due to him, which the defendant has promised to pay. If obstacles did lie in the way before, I think that promise has removed them. The plaintiff could not be ignorant of the time that elapsed from the date of the indorsement until application was made for payment, and most likely was not ignorant that a suit had been brought. I *Page 300 
think he can recover on the count setting forth the promise. I also think he can recover on the other, because the promise amounts to a waiver of the right, which the defendant might otherwise have, of compelling the plaintiff to prove legal diligence. In giving my opinion in favor of the plaintiff, I think I am supported by the following authorities: 1 Taunt., (431) 12; 6 East, 16 N. A.; Strange, 1246; 7 East, 231; 2 East, 469.